Nott, J.,
dissenting:
In this case, as set forth in the findings of the court, the Quartermaster General on the22d June, 1863, ordered that the charter rate of the Maple Leaf be reduced from the 22d April previous. The owners, as the opinion shows, objected to the deduction, but allowed the boat to remain in the service. On these facts the majority of the court hold the retroactive order of the Quartermaster General to be binding, and the claimants not entitled to recover the charter rate withheld.
In the case of Clyde, decided at the beginning of the present term, the Quartermaster General, on the 13th May, 1803, ordered that the charter rate of the Tallaeca be reduced from the 10th November previous." The owner, as the court found, objected to the deduction, but allowed the vessel to remain in the service.
The two cases are similar, nay, identical. There was the same retroactive order in each, the same objection by the owner, the same failure to demand the discharge of the vessel.
The case of Clyde was submitted in May last, and held under advisement till December. The opinion then delivered had been submitted to and duly considered by all the judges, and *215 tbe decision when announced received the sanction of every member of the court. Therefore the case of Clyde was one maturely considered, deliberately determined, unanimously decided — a case invested with a full measure of the principle of stare deeisis.
The decision in the case of Clyde was that the owner should recover; that the order of the Quartermaster General had no retroactive power; that the reduction required took effect only from the time the owner received notice.
In this case the facts are slightly clearer than in Clyde’s j for there the vessel continued in service under the old charter, and there’might have been a shadow of reason for saying that this continuance in service was an agreement to remit the earned excess and a consideration for its release. But here the old charter was terminated on this same 22d day of J une by a new charter made on the 19th August following, though by its express terms relating back to the 22d June. From the 22d June it worked a retroactive reduction and remitted the old charter rate for that interval; before the 22d June it left the earnings of the vessel untouched and the rights of the parties unchanged. By including the one period it excluded the other. By carrying back the reduction to the 22d June, it carried it no further. Mxpressio wnms, exclusio alterius.
I am unable to comprehend the decision in this case. The opinion of the court points out no distinction between it and Clyde’s, and I perceive none. Stare deeisis is a principle which I have always endeavored to maintain, and certainty, which (as has long been said) in law “is the mother of repose.”
The claimant should recover for the charter rate withheld from the 22d April to the 22d June, 1863.